UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CLIFFORD THORNTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:19-cv-00047-LEW |
| | ) | |
| | ) | |
| RANDALL LIBERTY, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

In this action, Petitioner Clifford Thornton, pursuant to 28 U.S.C. § 2254, seeks relief from a state court conviction and sentence. (Petition, ECF No. 1.) Petitioner asserts that his trial counsel was ineffective because he declined to strike specific jurors, inadequately impeached the prosecution's main witness, and did not sufficiently investigate the matter to ensure he had the necessary pretrial discovery. (*Id.*) The State argues that Petitioner failed to exhaust his state remedy before the Maine Supreme Judicial Court and that the state postconviction court properly denied his claims. (Response, ECF No. 4.) The State thus asks the Court to dismiss the petition.

After a review of the section 2254 petition, the State's request for dismissal, and the record, I recommend the Court grant the State's request and dismiss the petition.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In November 2013, Petitioner was tried before a jury on one count of gross sexual assault, two counts of Class C unlawful sexual contact, and six counts of Class B unlawful sexual contact; the allegations involved incidents with three young females occurring

between 1996 and 2008. (*State v. Thornton*, Me. Super. Ct., Was. Cty., No. MACSC-CR-2011-00181, Trial Docket Record at 1, 7; Indictment at 1 – 3.) The jury returned not guilty verdicts on three charges, all corresponding to two of the females; the jury returned guilty verdicts on the remaining six charges corresponding to the third female. (*Id.*) In February 2014, the state court sentenced Petitioner to a 10-year term of imprisonment with all but six years suspended, to be followed by a 12-year period of probation on one of the counts, with concurrent 3-year terms of imprisonment on the remaining five counts. (Trial Docket Record at 7 – 9; Judgment and Commitment at 1.)

Petitioner sought leave to appeal from his sentence and filed a direct appeal of the convictions. (Trial Docket Record at 10.) In June 2014, the Sentence Review Panel denied Petitioner's application for leave to appeal his sentence. (*State v. Thornton*, Me. Sent. Rev. Pan., No. SRP-14-66, Order Denying Leave to Appeal.) In February 2015, the Supreme Judicial Court, sitting as the Law Court, affirmed the judgment of conviction. *State v. Thornton*, 2015 ME 15, 111 A.3d 31.

In April 2015, Petitioner filed a state petition for postconviction relief. (*Thornton v. State*, Me. Super. Ct., Was. Cty., No. MACSC-CR-2015-0064, Postconviction Docket Record at 1.) After an evidentiary hearing in June 2017, the Superior Court denied the petition. (*Id.* at 2 – 3; Decision at 1, 12.) In December 2017, Petitioner sought a certificate of probable cause to appeal from the postconviction decision, but the Supreme Judicial Court denied a certificate of probable cause in January 2018. (Postconviction Docket Record at 3.)

On January 28, 2019, Petitioner filed his §2254 petition with this Court. (Petition, ECF No. 1)

## DISCUSSION

**A.     Legal Standards**

Pursuant to 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may apply to a federal district court for writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Absent circumstances not relevant to Petitioner's case, a petitioner is required to exhaust available state court remedies before he seeks federal habeas review. 28 U.S.C. § 2254(b), (c).[1] "Before seeking a federal writ of habeas corpus, a state prisoner must

---

[1] Title 28 U.S.C. § 2254(b) and (c) address exhaustion and state:

> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>   **(A)** the applicant has exhausted the remedies available in the courts of the State; or
>
>   **(B) (i)** there is an absence of available State corrective process; or
>
>   **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> **(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> **(3)** A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> **(c)** An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

3

exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (per curiam)) (quotation marks omitted). In *Baldwin,* the Court noted that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan,* 513 U.S. at 365–66).

To exhaust a claim fully in state court in Maine, a petitioner must request discretionary review by the Law Court. *See* 15 M.R.S. § 2131. The Supreme Court has held that a procedural default bars federal review absent a demonstration of cause for the default and prejudice to the petitioner:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).[2]

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court recognized a "narrow exception" to its holding in *Coleman*, based on equity, not constitutional law: "Inadequate

---

[2] Procedural default is a judicial doctrine "related to the statutory requirement that a habeas petitioner must exhaust any available state-court remedies before bringing a federal petition." *Lovins v. Parker,* 712 F.3d 283, 294 (6th Cir. 2013) (citing 28 U.S.C. § 2254(b), (c)).

4

assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9, 16. However, when the procedural default relates to post-conviction counsel's actions at the discretionary-review stage rather than at the initial-review stage of the collateral proceedings, habeas relief is not available:

> The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial . . . .

*Martinez*, 566 U.S. at 16 (citations omitted).

As to federal habeas claims that were adjudicated on the merits in state court, the federal court may not grant relief unless (1) the state court decision was contrary to, or an unreasonable application of, federal law, as determined by the Supreme Court, pursuant to 28 U.S.C. § 2254(d)(1); or (2) the decision was based on an unreasonable determination of the facts, pursuant to section 2254(d)(2).[3]

---

[3] Title 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

5

As to review of a state court decision under section 2254(d)(1), "[i]t is settled that a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.'" *Nevada v. Jackson,* 569 U.S. 505, 508-09 (2013) (per curiam) (quoting *Harrington v. Richter,* 562 U.S. 86, 102 (2011)). "A state court must be granted a deference and latitude that are not in operation when the case involves review under the [*Strickland v. Washington*, 466 U.S. 668 (1984)] standard itself." *Harrington*, 562 U.S. at 101. Claims of ineffective assistance of counsel are thus subject to a "'doubly deferential'" standard of review, in deference to both the state court and defense counsel. *Woods v. Etherton,* --- U.S. ---, ---, 136 S. Ct. 1149, 1151 (2016) (per curiam) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)). State court determinations of fact "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).[4]

---

[4] The decision under review in this case is the Law Court's order denying a certificate of probable cause, because the Law Court's decision is the final state court adjudication on the merits. *See Greene v. Fisher*, --- U.S. ---, ---, 132 S. Ct. 38, 45 (2011) (noting that the last state-court adjudication on the merits of the petitioner's constitutional claim occurred on direct appeal to the state's supreme court); *Clements v. Clark*, 592 F.3d 45, 52 (1st Cir. 2010) ("A matter is 'adjudicated on the merits' if there is a 'decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground.'") (quoting *Teti v. Bender*, 507 F.3d 50, 56-57 (1st Cir. 2007)).

However, because the Law Court's order did not explain the Court's reasoning for denying a certificate of probable cause, the federal court may consider the trial court's decision:

> We hold that the federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

*Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) (noting the state may rebut the presumption).

In *Strickland*, the Supreme Court set forth the relevant Sixth Amendment standard by which claims of ineffective assistance based on counsel's errors are evaluated on the merits; *Strickland* requires a petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 688, 694. A court need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. A court presumes "that counsel has 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Companonio v. O'Brien*, 672 F.3d 101, 110 (1st Cir. 2012) (quoting *Strickland*, 466 U.S. at 690).

A court considers "the totality of the evidence," and "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Strickland*, 466 U.S. at 695-96. "[T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Id.* at 696.

### B. Ineffective Assistance of Counsel Claims

#### 1. Juror Bias

Petitioner maintains that his trial counsel was ineffective because he did not adequately challenge or strike two jurors. During the state postconviction proceeding, Petitioner alleged that one juror had previously worked in the State prosecutor's office and had encouraged a witness through certain gestures (i.e., winks and nods) during the trial;

7

Petitioner also claimed that the husband of another juror had financially supported a domestic violence advocacy organization in the past.[5] (*Thornton v. State*, Me. Super. Ct., Was. Cty., No. MACSC-CR-2015-0064, Amended Petition at 2; Postconviction Appeal Memorandum at 2 – 3; Postconviction Transcript at 29 – 38.) The state postconviction court rejected Petitioner's argument, pointing out that trial counsel challenged one of the jurors for cause, which objection was overruled, and that Petitioner failed to demonstrate that counsel erred when, in the exercise of Petitioner's preemptory challenge, counsel did not strike the juror. (Postconviction Decision at 4.) The state postconviction court also found the testimony about "winks or nods" to be "entirely self-serving and inherently unreliable." (*Id.* at 5.) The court further found the evidence regarding the alleged activities of the juror's husband to be insufficient to establish bias that required further action from counsel. (*Id.*)

Petitioner's argument regarding juror bias is barred because he did not maintain the claim in his discretionary appeal to the Maine Supreme Judicial Court. Petitioner made two principal arguments at the final stage of the state proceedings, neither of which concerned juror bias or involved the allegations Petitioner made regarding the two jurors. (Postconviction Appeal Memorandum at 3 – 10.) The only mention of the juror issue in the request for a certificate of probable cause was a brief and nonspecific mention of "bias" in Petitioner's summation of the trial and procedural history:

> The trial was close, however. Mr. Thornton stood accused by three different young women, and was acquitted as to two of them. The jury found Mr.

---

[5] Petitioner also originally alleged that one of the jurors had a relationship with the victim and principal witness's father, and later alleged that one of the jurors exhibited bias by later attending his sentencing.

8

> Thornton not guilty as to the allegations brought by those two witnesses even though two different jurors participated in the trial despite displaying evidence of bias, and sufficient interest to return to court unbidden to attend Mr. Thornton's sentencing. That even those two jurors voted to acquit Mr. Thornton with respect to two of three accusers, spotlights the momentum the defense generated at trial.

(*Id.* at 2.)

The passing reference to juror bias—without any mention of trial counsel, *Strickland*, or any other indication that the alleged bias supported a federal claim—was insufficient to alert the Supreme Judicial Court that Petitioner was asserting a federal claim concerning the two jurors. *See Baldwin*, 541 U.S. at 32 ("We consequently hold that ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so").

Even if Petitioner had fully exhausted the juror bias claim, the claim would fail on the merits. The state postconviction court reasonably explained why the evidence of bias from a juror's work experience more than ten years earlier and the activities of another juror's spouse were insufficient to establish juror bias demanding further action by counsel. Petitioner has not cited any legal authority to suggest otherwise. In addition, the state court's decision to reject Petitioner's otherwise unsupported allegations about a juror's behavior in the courtroom was not an unreasonable determination of the facts. Given the supportable findings by the court, Petitioner has not demonstrated and cannot demonstrate that trial counsel's performance was ineffective under *Strickland*.

9

## 2. Impeachment Evidence

Petitioner asserts that trial counsel was ineffective because he failed to impeach adequately the testimony of the victim, who was the main prosecution witness.[6] The state court concluded that trial counsel's decisions were reasonable, rejecting each of Petitioner's arguments concerning impeachment evidence. (Postconviction Decision at 6 – 12.) For example, Petitioner argued that trial counsel failed to call at trial several witnesses who claimed to hear the victim recant her accusations; the state court, after determining that the evidence was hearsay, found that trial counsel did investigate the issue and reasonably declined to pursue the recantation argument because the witnesses indicated that Petitioner's wife had "put them up to" making false reports of recantation. (*Id.* at 10 – 12.) Petitioner also pointed to counsel's failure to admit as evidence at trial a card from the victim to Petitioner. Petitioner wanted to use the card to demonstrate that the victim had expressed affection for or was at ease with Petitioner during the time or after the time the victim said the incidents of which Petitioner was accused occurred. The Court excluded the card because trial counsel did not disclose it before trial. The state court, however, supportably determined that Petitioner was not prejudiced by the exclusion because the record included other evidence that allowed Petitioner to demonstrate the point. (*Id.* at 8 – 10.)

---

[6] The State asserts that Plaintiff is barred from asserting this ground because he failed to exhaust the available state remedies. Petitioner did not present trial counsel's impeachment decisions as a numbered argument in his brief to the Maine Supreme Judicial Court. Nevertheless, Petitioner included nearly two pages of description concerning the impeachment evidence "asserting each as an element of his claim that trial counsel provided inadequate representation." (Postconviction Appeal Memorandum at 6 – 7.) Petitioner's assertions were sufficient to fairly present the federal claim to the Maine Supreme Judicial Court.

Petitioner also maintained that trial counsel could have called additional witnesses to contradict certain aspects of the victim's testimony, including the victim's testimony about the timing and locations of certain incidents. The state court supportably ruled that the testimony of at least one of the additional witnesses was consistent with, not inconsistent with, the victim's testimony. (*Id.* at 6 – 8.)

As to Petitioner's remaining arguments, Petitioner did not establish prejudice within the meaning of *Strickland* because it is improbable that the alleged inconsistencies would have made a difference in the jury's findings.[7] Accordingly, the state court's decision was not contrary to or an unreasonable application of *Strickland* and its progeny.

3. **Pretrial Preparation**

Petitioner contends his trial counsel was not adequately prepared for trial and did not property conduct pretrial discovery.[8] If a "lawyer neither investigate[s]" nor makes "a reasonable decision not to investigate[ ] the State's case through discovery," it can amount to "a complete lack of pretrial preparation," undermining "the reliability of the adversarial

---

[7] Two of the asserted inconsistencies in the victim's testimony involved the manufacturing dates of a desktop computer and a Jeep Wrangler. The victim testified that the Wrangler incident occurred when the vehicle was "fairly new" and "probably" occurred "before the age of 16," which was in March 2009. (Trial Transcript Day 2 at 65, 126; see also *id.* at 119 (discussing the incident when she was around 16 or 17.)) The purported impeachment evidence showed that the Wrangler was a 2008 model. That evidence was not inconsistent with the victim's testimony. One of the other two alleged victims claimed to have been forced to view a nude photograph on the computer, but the victim in question simply testified about a photograph being taken of her. (*Id.* at 87 – 88.) There is no inconsistency, therefore, between this victim's testimony about a photograph being taken (presumably before 2008) and a 2008 manufacturing date for the computer.

[8] The State asserts that this ground is barred for failing to exhaust state remedies. Petitioner did not present trial counsel's pretrial investigation and discovery efforts as a numbered argument in his brief to the Maine Supreme Judicial Court. Nevertheless, as with the certain portions of Petitioner's second ground for relief regarding investigation of the victim's supposed recantation, Petitioner included numerous citations summarizing a lawyer's duty to conduct pretrial investigations. (Postconviction Appeal Memorandum at 9.) Petitioner's assertions were sufficient to fairly present the federal claim to the Maine Supreme Judicial Court.

11

process." *Kimmelman v. Morrison*, 477 U.S. 365, 385 (1986). The record establishes that trial counsel conducted an adequate investigation, including in the conduct of pretrial discovery.

In support of his argument, Petitioner cites a written statement of a witness, which statement was missing a page when the State disclosed it to defense counsel and caused defense counsel to question the witness briefly based on the impression that the witness was testifying inconsistently with the prior statement; counsel, however, abandoned the line of questioning after recognizing the statement was missing a page. (Trial Transcript Day 2 at 120 – 126.) The failure to recognize the statement was missing a page earlier did not fall below the "reasonable competence" demanded of defense counsel. *See Yarborough v. Gentry*, 540 U.S. 1, 8 (2003). Petitioner also cannot show prejudice from the failure to discover the discrepancy before trial because the missing page appears to have supported, rather than undermined, the witness's testimony.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend the Court dismiss Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of September, 2019.